■ ROBERT SIMONS, Respondent, v NORTH OCEANIC SECURITIES CO., INC., Appellant.—Orders, Supreme Court, New York County (Blyn, J.), entered January 29, 1986 and August 21, 1986, which dismissed defendant's affirmative defenses and counterclaims; denied defendant's cross motion for summary judgment; and granted plaintiff summary judgment in the amount of $115,000 modified on the law to the extent of denying plaintiff's motion for summary judgment, reinstating

defendant's third and fourth affirmative defenses, and otherwise affirmed, without costs.

Plaintiff is the assignee for value of the claim of a real estate broker seeking brokerage commissions in the amount of $205,000. Plaintiff's assignor brought about the sale of certain real property. There was no dispute that a brokerage commission had been earned. A letter agreement concerning brokerage commissions was entered into by the plaintiff's assignor and the defendant's predecessor corporation. It stated, in pertinent part: "in the event a written contract of sale containing terms and provisions satisfactory to you [the seller] and to your attorneys is actually made with our prospective purchaser, *then upon closing of title and full payment of the purchase price in accordance with the contract,* we are to receive, in full payment, satisfaction and discharge of our brokerage commission, the sums of $200,000 payable as follows: $40,000 on the closing and the balance of *$160,000 as and if payments for interest and amortization are made under the purchase money mortgage* which payments will amount to 10% of the sums actually received by mortgagee and shall be made promptly *after the mortgagor has made the payments under the mortgage. Unless payments are received under the mortgage, the undersigned will not be entitled to such additional payments.* Nothing contained herein shall be deemed to give to the undersigned any interest of any kind in said mortgage." (Emphasis added.)

That agreement was later modified. The modification included the following: "*as and if payments for interest and amortization are made under the promissory note* to be executed on the closing by Caile Realty Inc. [purchaser] to North Oceanic Securities Co., Inc. in the sum of $200,000; such payment on account of said balance of $20,000 will amount to *10% of the sums actually received by us under said note and shall be made promptly after maker has made the payments thereunder.* Unless payments are received under such note, you will not be entitled to such additional payments." (Emphasis added.)

Title to the property closed. A $20,000 commission was paid. Five quarterly commission payments of $5,000 each were thereafter made, as payments were made on the mortgage. The mortgagor went into default. The mortgage note, with a balance of $1,600,000 was sold by the defendant for $1,150,000 cash. The defendant alleges that it paid a $50,000 brokerage commission on the sale of the mortgage and note.

This action was commenced seeking $205,000 brokerage

commission and interest. Defendant answered, asserting affirmative defenses, including the allegation that payment of commissions was conditioned on the mortgagor paying interest and amortization under the mortgage, and that payments were not made under the mortgage.

The Supreme Court in this case engaged in issue determination rather than issue finding. *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404 [1957].) Factual questions are present regarding, *inter alia,* the intentions of the parties concerning, and the materiality of, the references to payments by the "mortgagor" or "maker" and payments received "under the mortgage" or "under said note". Each party, in essence, alleges that the other is seeking a "windfall". The proper resolution of the issues can be determined only by trial. We have considered the other contentions of the parties and find them to be without merit. Concur—Kupferman, J. P., Ross, Rosenberger, Ellerin and Smith, JJ.