■ ROBERT SIMONS, Respondent, v NORTH OCEANIC SECURITIES CO., INC., Appellant.—Judgment of the Supreme Court, New York County (Robert A. Harlem, J.), entered on or about December 1, 1988, which, following a nonjury trial, found in favor of plaintiff against defendant in the amount of $110,000, is unanimously affirmed, with costs and disbursements.

Order of the Supreme Court, New York County (Robert A. Harlem, J.), entered on February 8, 1989, granting defendant's motion pursuant to CPLR 4404 only to the extent of correct-

556

ing the transcript of the decision after the trial, is unanimously affirmed, without costs or disbursements.

Plaintiff's assignor, a real estate broker, effectuated the sale of a large parcel of land owned by defendant's predecessor-in-interest. The agreement for the payment of brokerage commissions provided, generally, that the broker would be entitled to 10% of the amounts paid "under" the purchase-money mortgage. Plaintiff received payments representing part of the commission due on closing and, thereafter, was paid moneys derived from certain regular payments which had been made under the purchase-money note and mortgage. The purchaser subsequently defaulted, and the note was sold for less than its face value to a third party. Defendant refused to make any further payments under the brokerage agreement. Following a previous appeal, this court reversed the grant of summary judgment in favor of plaintiff, finding that interpretation of the agreement raised issues of fact (130 AD2d 452, *rearg and lv denied* App Div, 1st Dept, Oct. 1, 1987). The trial has now been held. In that regard, it should be noted that the trial court, sitting without a jury, heard testimony regarding the intent of the parties in making the agreement and determined that the commission had been earned at the time of closing, that the terms of the disputed agreement concerned the time of payment only and that the parties intended a sale of the mortgage to constitute payment "under" the mortgage. Since the court's findings are consistent with the weight of the evidence, there is no basis to vacate the judgment. Concur—Kupferman, J. P., Sullivan, Carro and Milonas, JJ.